IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Israel Romero,<br><br>        Plaintiff,<br><br>v.<br><br>Facebook Meta, Mark Zuckerberg,<br>and Jane Doe,<br><br>        Defendants. | Civil Action No. 7:23-cv-3306-TMC<br><br>**ORDER** |

Plaintiff Israel Romero, proceeding *pro se*, filed this action against Defendants, asserting claims for breach of contract, defamation, and intentional infliction of emotional distress. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On January 8, 2024, the magistrate judge issued a Report and Recommendation (the "Report") recommending that the Court dismiss Defendant Jane Doe for Plaintiff's failure to effectuate timely service of process upon Jane Doe and failure to provide good cause under Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 44).

On January 19, 2024, Plaintiff filed objections to the Report in which he stated "Jane Doe a/k/a Iga Mariana does not exist. Hence it is impossible to complete service on a non-existent defendant." (ECF No. 47). On the same day, Plaintiff filed a Motion to Dismiss Defendant Jane Doe "because she does not exist as a person making it impossible to execute service of process." (ECF No. 46).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th

454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61.

This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

The Court has carefully reviewed the Report (ECF No. 44) and finds no error. Moreover, in light of the Plaintiff's objections and Motion to Dismiss Defendant Jane Doe, it appears Plaintiff agrees to, consents to and requests the dismissal of Defendant Jane Doe from this action. Accordingly, the Court **ADOPTS** the Report (ECF No. 44) and hereby **GRANTS** Plaintiff's Motion to Dismiss Defendant Jane Doe from this action (ECF No. 46). The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address on record with this Court.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 17, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.