IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Israel Romero, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Meta Platforms, Inc. and )<br>Mark Zuckerberg,[1] )<br>)<br>Defendants. )<br>) | Civil Action No. 7:23-cv-3306-TMC<br><br>**ORDER** |

Plaintiff Israel Romero, proceeding *pro se*, filed this action against Defendants, asserting claims for breach of contract, defamation, and intentional infliction of emotional distress. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a United States Magistrate Judge for all pretrial proceedings. Subsequently, the parties filed numerous motions, including three motions that are presently before the Court: Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue to the Northern District of California (ECF No. 25); Plaintiff's Motion for Default Judgment (ECF No. 31); and Plaintiff's Motion for Entry of Default (ECF No. 32). On March 14, 2024, the magistrate judge issued a Report and Recommendation ("Report") recommending that the Court grant Defendants' Motion to Dismiss and deny Plaintiff's Motions for Entry of Default and Default Judgment. (ECF

---

[1] Plaintiff initially named Facebook Meta, Mark Zuckerberg, and Jane Doe as Defendants in this action. (ECF No. 1). On March 14, 2024, the magistrate judge directed the Clerk's Office to change "Facebook Meta" to "Meta Platforms, Inc.," the correct corporate name. (ECF No. 53 at 1 n.1). Furthermore, on April 17, 2024, the Court granted (ECF No. 61) Plaintiff's motion to dismiss Jane Doe as a Defendant in this action (ECF No. 46). Accordingly, the Defendants remaining in this action are Meta Platforms, Inc. and Mark Zuckerberg.

No. 53 at 14). Plaintiff filed Objections to the Report (ECF No. 57), and Defendants filed a Reply (ECF No. 58). These matters are now ripe for the Court's review.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious

case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

**Plaintiff's Allegations and Claims**

Defendant Meta Platforms, Inc. ("Meta") operates Facebook social media platform and Defendant Mark Zuckerberg ("Zuckerberg") serves as Meta's Chief Operating Officer. *See* (ECF No. 1). According to Plaintiff, when he created a Facebook account, he entered into a contract with Defendants pursuant to which they allegedly promised to "[f]ind and address violations of our terms or policies" including the prohibition against the posting of pornography on Facebook and to "[p]rotect the life, physical or mental health, well-being or integrity of [Facebook] users" and to "prevent spam . . . and other bad experiences." *Id*. at 5.

Plaintiff asserts that in February 2023, he made a donation to the American Heart Association thru his Facebook account in response to fundraising efforts on Facebook by his grandson's elementary school. *Id*. at 4. Plaintiff's Facebook page reflected that he made a

3

donation and showed a picture of the school children involved in the fundraiser. (ECF Nos. 1 at 4; 1-1 at 5). Plaintiff alleges, however, that within a few days "hackers" had posted graphic pornographic material on his Facebook page immediately below the picture of the school children. *Id*. Plaintiff alleges he closed his Facebook account soon thereafter, *id*., and reported the incident to the FBI, (ECF Nos. 1 at 4; 1-1 at 8–15).

Plaintiff brought this action against Defendants, asserting claims for breach of contract, defamation and intentional infliction of emotional distress and seeking compensatory and punitive damages. (ECF No. 1 at 4–11). Defendants filed the instant Motion to Dismiss under Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and for failure to allege facts stating a claim upon which relief can be granted. (ECF No. 25). Alternatively, Defendants seek a transfer of venue to the Northern District of California. *Id*. The motion has been fully briefed. *See* (ECF No. 30) (response in opposition) and (ECF No. 33) (reply in support).[2] On the other hand, Plaintiff filed a motion for entry of default, (ECF No. 32), and a motion for default judgment (ECF No. 31). Defendants filed a response in opposition to these motions (ECF No. 35).

---

[2] Plaintiff thereafter filed a sur-reply. (ECF No. 34). Neither the Federal Rules of Civil Procedure nor the Local Civil Rules provide for the ability to file a sur-reply as a matter of right. *See* Fed. R. Civ. P. 72(b)(2); Local Civil Rule 7.06-7.07 (D.S.C.). In fact, Local Rule 7.07 advises litigants that even replies are "discouraged." Were this court to permit parties to file sur-replies as a matter of course, it "would put the court in the position of refereeing an endless volley of briefs." *Byrom v. Delta Fam. Care--Disability & Survivorship Plan*, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004) (internal quotation marks omitted). On November 5, 2020, to underscore this court's view of sur-replies, the undersigned issued a standing order directing that a party "may not file, nor will the court consider, any sur-reply to a motion absent a showing of good cause and leave of the court." *In re: Sur-Replies, Standing Order* (D.S.C. Nov. 5, 2020). Plaintiff has not sought leave of court to file a sur-reply, and the court finds no good cause to grant such leave; however, even if the Court considered this material, it would not alter the Court's disposition of this matter as set forth in this order.

## Report

Now before the Court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 53), recommending that the Court grant Defendants' motion to dismiss and deny Plaintiff's motions relating to default, *id*. at 14.[3]

*Motion to Dismiss* (ECF No. 25).

In addressing Defendant's argument that this Court lacks personal jurisdiction in this case, the magistrate judge correctly noted that,

> [when] a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing or without deferring ruling pending receipt at trial of evidence relevant to the jurisdictional issue, but rather relies on the complaint and affidavits alone, the burden on the plaintiff is simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge. . . . In deciding whether plaintiff has met this burden, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

*Id*. at 3–4. (internal citations and quotation marks omitted).

With respect to whether the Court enjoys specific personal jurisdiction in this case, the magistrate judge noted specifically that "the interactivity of a website is also 'a jurisdictionally relevant fact' when the defendants' electronic contacts are at issue." *Id*. at 5 (quoting *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 141 (4th Cir. 2020)). Citing *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 713 (4th Cir. 2002), the magistrate judge recognized that "an out-of-state citizen, through electronic contacts, [can be deemed to have] conceptually entered the State via the Internet for jurisdictional purposes" . . . when "that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within

---

[3] The Report also recommended (ECF Nos. 44, 53) that the Court dismiss from the action "Jane Doe" who Plaintiff originally named as a Defendant in this action. (ECF No. 1). On April 17, 2024, the Court adopted this recommendation and dismissed Defendant "Jane Doe" from the action. (ECF No. 61).

the State, and (3) that activity creates, in a person within the State, a potential case of action cognizable in the State's courts." *Id*. at 6 (quoting *ALS Scan*, 293 F.3d at 714). Critically, the magistrate judge highlighted that, at this point in time it is rare to find a non-interactive website and, as a result, courts cannot "'attach too much significance on the mere fact of interactivity'" because "'we risk losing sight of the key issue in a specific jurisdiction case -- whether the defendant has *purposefully directed* [its] activities at residents of the forum.'" *Id*. at 7 (quoting *Fidrych*, 952 F.3d 141–42 (emphasis in original) (citation and internal quotation marks omitted)). The magistrate judge then found that Plaintiff's allegations are insufficient to support a prima facie showing that Defendants specifically directed electronic activity at South Carolina:

> Construing all relevant pleading allegations in the light most favorable to the plaintiff, the plaintiff pleads the following contacts with South Carolina in his complaint: (1) Meta operates Facebook, a website that is accessible in South Carolina, (2), Mr. Zuckerberg is the CEO of Meta, (3) the plaintiff accessed Facebook while in South Carolina, and (4) Meta and Mr. Zuckerberg's failure to stop a third-party from posting pornographic content on the plaintiff's Facebook page caused injury to the plaintiff in South Carolina (see doc. 1 at 1-13). The undersigned finds that these allegations, without more, are insufficient [to establish personal jurisdiction] . . . Significantly, however, the plaintiff failed to allege that Facebook has directed electronic activity into South Carolina by targeting that state in particular.

*Id*. at 7–8. The magistrate judge also rejected the idea that Plaintiff's alleged injuries arose out of Defendants' contacts with South Carolina because [P]laintiff does not allege that [Defendant] Meta or [Defendant] Zuckerberg had any activity in the forum state other than maintaining a website that is accessible there." *Id*. at 8.

Finally, the magistrate judge rejected numerous arguments in support of specific jurisdiction, raised but not plead by Plaintiff. For example, Plaintiff believes that Defendants submitted to jurisdiction in this Court by filing the required answers to Local Rule 26.01 Interrogatories (ECF No. 26) and because their attorneys agreed that the venue was proper in the same interrogatory answers, *id*. at 2. The magistrate judge concluded these arguments were

6

without merit, noting that the responses made it clear that Defendants' position was that they were not subject to this Court's personal jurisdiction. (ECF No. 53 at 9–11). The magistrate judge also easily rejected Plaintiff's argument that Defendants are subject to specific jurisdiction in this Court because one of the Defendants' attorneys is not licensed to practice law in South Carolina and has therefore committed crimes by submitting false documents to the Court. *See* (ECF Nos. 30 at 14-16; 34 at 4-5). The Report noted that Defendants' "motion to dismiss was electronically signed by a member of the South Carolina bar who is licensed to practice before this court. His co-counsel, who is not licensed in South Carolina, did not sign the motion, and her information appears alongside a designation that an application for admission pro hac vice was forthcoming. *See* Local Civ. Rule 83.I.04 (D.S.C.). This attorney has now been admitted pro hac vice." (ECF No. 53 at 10). (doc. 37).

As for whether the Court can exercise general personal jurisdiction over the Defendants, the magistrate judge found that Plaintiff's showing was insufficient:

> Meta is a Delaware corporation with its primary place of business in California. Additionally, there is no evidence of any affiliations with South Carolina that are so substantial that Meta may be considered comparable to a South Carolina company. Further, Mr. Zuckerberg is a citizen of California, and there are no allegations that he is domiciled in South Carolina. Accordingly, the undersigned finds that this court does not have general personal jurisdiction over Meta or Mr. Zuckerberg.

*Id*. at 12.

Accordingly, the magistrate judge recommends that the Court grant Defendants' motion to dismiss (ECF No. 25) on the grounds that it lacks personal jurisdiction (ECF No. 53 at 14); the Report declines to address Defendants' motion to dismiss to the extent it is based on Plaintiff's failure to state a claim.

*Default Motions* (ECF Nos. 31; 32)

Finally, the magistrate judge concluded Plaintiff offered no basis for entry of default under Rule 55(a) against Defendants because they "filed a timely motion to dismiss and are actively defending the plaintiff's allegations." *Id*. at 13. Also, to the extent that Plaintiff's default arguments are premised on the alleged unauthorized practice of law by Defendants' attorneys, the magistrate judge rejected them for the same reasons he rejected these arguments when made in opposition to Defendants' motion to dismiss. *Id*.

Accordingly, the magistrate judge recommended the Court deny Plaintiff's motion for entry of default (ECF No. 32) and motion for default judgment (ECF No. 31).

**Discussion**

Plaintiff filed objections to the Report, (ECF No. 57), and Defendants submitted a reply (ECF No. 58).[4] Out of an abundance of caution, the Court has reviewed the Report in light of Plaintiff's objections under a *de novo* standard of review.

The bulk of Plaintiff's objections make one argument: All of the documents filed by Defendants in this case "are null and void because the filers failed to verify or to sign them under penalty of perjury in violation of the applicable law." (ECF No. 57 at 1). The effect of this alleged failure, according to Plaintiff, is jurisdictional: "3). Failing to verify or to sign and file documents failing to do it as true under penalty of perjury, is tacit submission to the court's jurisdiction. Therefore, this court has personal jurisdiction over the defendants along with subject matter jurisdiction, to wit: federal question." *Id*. at 8. Plaintiff concludes the Report is in error for failing to take these points into account. *See id*. at 1.

---

[4] Plaintiff again filed a sur-reply (ECF No. 60) without seeking leave of court to do so. Even if the Court were to consider this document, however, the Court would not alter its disposition of these matters.

8

The Court overrules this objection. As Defendants suggest, Plaintiff—who purports to be an attorney (ECF No. 1 at 12)—seems to misunderstand the distinction between motion papers filed by attorneys and "affidavits, declarations, and other documents attesting to the truth of facts—which require verification via oath to have evidentiary value." (ECF No. 58 at 2 n.1). Plaintiff has offered no authority showing that Defendants' attorneys are required to sign motion papers or other documents setting forth legal argument under the pains and penalties of perjury. To the extent that any of Plaintiff's objections to the Report are premised on this basis—that the attorneys for the Defendants did not sign the motion papers or other litigation documents under oath—the Court rejects and overrules them.

Plaintiff's other objection to the Report is that Defendants were both properly served with process and that service "establishes full and complete jurisdiction of this court over the defendant[s]." (ECF No. 57 at 9). The Court rejects this argument. The Report assumed proper service was accomplished; but service alone does not establish personal jurisdiction. Rather, proper service is simply a necessary prerequisite before a court can claim personal jurisdiction. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 (1987). But Plaintiff must still establish that the Court's exercise of personal jurisdiction over Defendants would not offend the limits of the Due Process Clause of the Fourteenth Amendment. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). As noted previously, the Report contains a thorough analysis of whether the Court can exercise personal jurisdiction over Defendants. Plaintiff has not objected to this portion of the Report. And, having reviewed the magistrate judge's findings and conclusions regarding personal jurisdiction under a de novo standard, the Court finds no error in the Report.

## Conclusion

Having conducted a de novo review of the Report and the record and, finding no error, the Court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 53), which is incorporated herein by reference. Accordingly, the Court hereby **GRANTS Defendants' motion to dismiss (ECF No. 25) and DENIES Plaintiff's motion for default judgment (ECF No. 31) and DENIES Plaintiff's motion for entry of default (ECF No. 32).**

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

July 19, 2024  
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.